```
          UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF OHIO
                WESTERN DIVISION
```

JEROME HUCKLEBERRY,           :
                              :    NO. 1:07-CV-00220
        Plaintiff,            :
                              :
                              :    **OPINION AND ORDER**
   v.                         :
                              :
                              :
KELLOGG COMPANY,              :
                              :
        Defendant.            :
                              :

This matter is before the Court on Defendant's Motion to Strike Allegations from Plaintiff's First Amended Complaint or in the Alternative for Partial Summary Judgment (doc. 26), Plaintiff's Response in Opposition (doc. 28), and Defendant's Reply in Support (doc. 30).  Also before the Court is Defendant's Emergency Motion to Extend Discovery and Dispositive Motion Deadlines (doc. 34), Plaintiff's Motion in Opposition (doc. 35), and Defendant's Reply in Support (doc. 36).  For the reasons stated herein, the Court denies Defendant's motion to strike (doc. 26), grants Plaintiff's Rule 56(f) motion, denies without prejudice Defendant's motion for partial summary judgment (doc. 26), and grants Defendant's Motion for extension of deadlines (doc. 34).

**I. Defendant's Motion to Strike Allegations or for Partial Summary Judgment**

In his First Amended Complaint ("the Complaint"),

Plaintiff brings claims against Defendant for race, age, and disability discrimination and retaliation under Title VII, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and Ohio law (doc. 21).  Defendant now requests the Court to strike certain allegations from the Complaint, or in the alternative, grant partial summary judgment in Defendant's favor (doc. 26).

### A. Defendant's Motion for Partial Summary Judgment

In support of Defendant's argument for partial summary judgment on Plaintiff's age and disability discrimination claims, Defendant presents Plaintiff's deposition testimony from July 10, 2007, which Defendant argues is dispositive of these claims (doc. 26).  In response, Plaintiff makes a motion under Rule 56(f) to allow discovery to continue before the Court considers any motion for summary judgment (doc. 28).  Plaintiff avers that discovery is presently ongoing, and that depositions of several key witnesses have yet to be scheduled (Id.).

If construing Defendant's motion as one for partial summary judgment, the Court agrees with Plaintiff that this motion is premature before discovery is completed.  Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated, present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or

> discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).  Considering that the discovery deadline has not been reached, as well as Plaintiff's representations that key depositions must still be scheduled, the Court finds well-taken Plaintiff's motion under Rule 56(f), that the Court allow discovery to continue (doc. 28).

Further, inasmuch as Defendant argues Plaintiff's deposition testimony is proof that he was not discriminated against on the basis of age or disability, the Court will not construe Plaintiff's characterization of his termination as dispositive, but instead must consider the record as a whole.  See Collins v. U.S. Playing Card Co., 466 F.Supp.2d 954 (S.D.Ohio 2006); Downs v. AOL Time Warner, 2006 WL 162563 (S.D.Ohio, Jan. 20, 2006) (Sargus, J.) ("Whether Plaintiff can establish pretext must be considered on the record as a whole, not simply from one response Plaintiff gave on deposition.").  The Court thus finds it proper to allow the parties to complete discovery before considering any motion for summary judgement.  Therefore, the Court grants Plaintiff's Rule 56(f) motion and denies without prejudice Defendant's motion for partial summary judgment as premature.

**B. Defendant's Motion to Strike**

Next, the Court considers Defendant's motion as one to strike allegations from the Complaint.  Defendant argues that pursuant to Federal Rule of Civil Procedure ("FRCP") 12(f),

-3-

Plaintiff's allegations relating to age and disability discrimination are immaterial, impertinent, and/or scandalous, and should be struck (Id.). Specifically, Defendant requests the Court strike Plaintiff's age and disability claims in Counts Three through Five, and Seven through Ten of the Complaint, as well as paragraphs 17, 18, 23, 24, and 47 of the Complaint which contain factual allegations (Id.).

Under FRCP 12(f) a court may strike any "immaterial, impertinent, or scandalous matter" from a pleading. "[A]llegations in a pleading are immaterial if they have no essential or important relationship to the claim and are impertinent if they do not pertain, and are not necessary to the issues in question." U.S. Diamond & Gold d/b/a Stafford's Jewlers, et al. v. Julius Klein Diamonds LLC, 2007 U.S. Dist. LEXIS 23076, *34 (S.D. Ohio March 29, 2007). Motions to strike "should be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Id.

As a preliminary matter, Defendant argues that Plaintiff's age and disability claims are impertinent and immaterial because in his July 10, 2007 deposition, Plaintiff stated that he had no facts to support these claims (Id.). The Court does not find this argument persuasive or relevant to the pertinence or materiality of these portions of the Complaint. As noted above, the Court will not construe Plaintiff's

characterization of his termination as dispositive, but instead must consider the record as a whole once it has been established. Moreover, Defendant's arguments on these points are more suited to a motion for summary judgment, which the Court has already found is inappropriate at this time.

Additionally, the Court has reviewed the individual paragraphs 17, 18, 23, 24, and 27, and finds that Defendant has not shown them to be "immaterial, impertinent, or scandalous matter" under FRCP 12(f). Defendant's motion does not address whether these allegations have no possible relation to the controversy or may cause prejudice to one of the parties, and therefore, the Court finds that Defendant has not met its burden to show that these paragraphs must be struck from the Complaint (doc. 26).

**II. Defendant's Motion for Emergency Motion to Extend Discovery and Dispositive Motion Deadlines**

Also before the Court is Defendant's Motion to extend the discovery and dispositive motion deadlines by thirty days (doc. 34). Defendant requests this extension in order to complete discovery (Id.). Having reviewed this motion, the Court finds Defendant's request well-taken.

**III. Conclusion**

For the foregoing reasons, the Court DENIES Defendant's

motion to strike (doc. 26), GRANTS Plaintiff's Rule 56(f) motion (doc. 28), DENIES Defendant's motion for partial summary judgment (doc. 26), and GRANTS Defendant's Motion for extension of deadlines (doc. 34).  The discovery deadline is extended until April 3, 2008, and the dispositive motion deadline is extended until May 3, 2008.

       SO ORDERED.

Dated: March 13, 2008       s/S. Arthur Spiegel
                                      S. Arthur Spiegel
                                      United States Senior District Judge